SMITH ET AL. v. MINNEMAN ET AL.

[No. 12,408.    Filed December 8, 1926.]

DEEDS.—Evidence *held* sufficient to support court's finding that deeds were never delivered.

From Dearborn Circuit Court; *Raymond Springer*, Judge.

Action for partition by Louis F. Minneman, Jr., and others against Rachel Smith, Margaret Zimmer, Anna Abegglen and others, in which Rachel Smith and Anna Abegglen filed cross-complaints. From a decree for partition as prayed by the plaintiff, the named defendants appeal. *Affirmed.* By the court in banc.

*Charles Royce, Estel C. Bielby* and *Perry E. Bear*, for appellants.

*Connelley & Connelley* and *Wycoff & Wycoff*, for appellees.

McMAHAN, C. J.—Complaint by Louis F. Minneman, Jr., Luther Minneman, Frederick Minneman, Jacob Minneman and Margaret G. Grumholt against Rachel Smith, Margaret Zimmer, and their consorts, and Anna Abegglen, alleging that all of the named parties except Anna Abegglen were the owners as tenants in common of certain real estate, and asking for partition and that their title be quieted as against all defendants. Rachel Smith filed a counterclaim in which she alleged she was the owner in fee of twenty acres of the land described in the complaint and asked that her title be quieted. Anna Abegglen filed a counterclaim asking that the title to eleven acres of the land be quieted in her. There was a decree in favor of plaintiffs on their complaint for partition and also on the counterclaims. This appeal is by Rachel Smith, Anna Abegglen, and Margaret Zimmer.

Louis F. Minneman, Sr., on and prior to November 14, 1921, was the owner in fee of the land described in

the complaint.   He died intestate in March, 1923, leaving as his sole and only heirs the plaintiffs and the defendants Rachel Smith and Margaret Zimmer.   On November 14, 1921, Louis F. Minneman, Sr., signed and acknowledged a general warranty deed purporting to convey twenty acres of the land to Rachel Smith.   He also, on the same day, signed and acknowledged a like deed purporting to convey eleven acres of the land in controversy to Anna Abegglen.   The deed to Mrs. Smith, after the description of the land, provided that, as a part of the consideration, Mrs. Smith should pay to her sister Margaret Zimmer $800.   This was followed by the statement:   "This deed is to go into effect after the death of the above named grantor."   The deed to Mrs. Abegglen, after the description of the real estate, contained the following statement:   "This deed not to go into effect until after the death of the above named grantor."

Appellees, in order to sustain the decision of the court, insist that the deeds to Mrs. Smith and Mrs. Abegglen must fail:   (1) For want of delivery; and (2) because they are testamentary in character, in that they were not to take effect until the death of the grantor. Logically, the first question for consideration relates to the delivery of the deeds.   If the deeds were not delivered, it will not be necessary to determine the effect of the provisions that they were not to go into effect until the death of the grantor.

The circumstances relating to the execution and delivery of these deeds can best be told in the language of the person who wrote them and, according to appellants' contention, the person to whom the grantor gave them with directions to deliver them on the death of the grantor.   John Minger, testified, in substance, as follows:   "Am cashier of Farmers' National Bank at Sunman; knew Louis F. Minneman, Sr., wrote the two

deeds.  Mr. Minneman signed them.  Mr. Minneman and his niece, Mrs. Abegglen, were present when the deeds were written.  I put the stamps on the deeds at that time.  He paid me for making the deeds and for the stamps.  He said he had no place to keep them at home, and that he would leave them at the bank.  He did leave them there.  He did not say anything to me about delivering them at his death, or for me to deliver them.  He just left them at the bank, and asked us to keep them, as he had no place to keep them at home.. About six months after he left the deeds there he came back and got them.  He said he wanted to show them to Charles Royce.  He took them, and when he came back with them he said nothing about giving them to the persons to whom they were made, or anything of that kind.  He just gave them to me and told me to put them back in the bank.  Had a conversation with him a few weeks before he died.  Received word he wanted to see me.  Went to his house to see him.  He said things had not been going as he thought they would and wanted me to destroy the deed for the twenty acres, the Smith deed.  Did not cancel the stamps on the deeds because he said he might change his mind and hated to lose the value of the stamps.  He wanted to know if they could be canceled later.  I told him they could.  The deeds remained in the bank until after the death of Mr. Minneman and were never actually delivered to the grantees."  The testimony of this witness is uncontradicted, and, without question, is sufficient to sustain a finding that the deeds in question were never delivered.

Appellants contend that the circumstances disclosed by the evidence are sufficient to show that Mr. Minneman intended that the witness Minger should hold the deeds for the grantees therein named and deliver them after the death of the grantor.  We are not called upon the decide whether the evidence is sufficient to

sustain a finding that the deeds were delivered. The question before us is, Is the evidence sufficient to sustain a finding that the deeds were not delivered?

The only other questions presented for our consideration relate to the construction to be given these deeds, but since the evidence is sufficient to sustain a finding that the deeds were never delivered, we give them no consideration.

Judgment affirmed.

Thompson, P. J., not participating.